UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00404-FDW
3:14-cr-00266-FDW-1

| | |
|---|---|
| STEPHON DEANGLEO CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's letter, which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and finds that the petition <u>has not been signed by Petitioner under penalty of perjury</u>, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant"). Within twenty (20) days of service of this Order, Petitioner must sign the petition under penalty of perjury and resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings. The Court will instruct the Clerk to mail Petitioner a black Section 2255 form.

The Court also notes that Petitioner's motion may be untimely. 28 U.S.C. § 2255(f). In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his resubmitted petition, Petitioner shall explain why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 20 days from entry of this Order in which to return a copy of the Section 2255 Motion to Vacate, signed in his own handwriting under penalty of perjury, including an explanation as to why the motion is timely. If Petitioner does not submit such signed Motion to Vacate within 20 days from entry of this Order, the petition may be dismissed without prejudice and without further notice.

The Clerk of Court is instructed to mail to Petitioner a form used in this district for Section 2255 petitions so that Petitioner may re-file his petition on such form.

**IT IS SO ORDERED.**

Signed: July 24, 2020

Frank D. Whitney
United States District Judge